The document below is hereby signed.

Signed: July 31, 2019



*S. Martin Teel, Jr.*
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| In re | ) | |
| | ) | |
| CHERIE MARTIN SIMMS, | ) | Case No. 19-00307 |
| | ) | (Chapter 13) |
| Debtor. | ) | Not for publication in |
| | ) | West's Bankruptcy Reporter. |

MEMORANDUM DECISION AND ORDER
APPROVING DEBTOR'S MOTION TO SELL PROPERTY

On June 26, 2019, the pro se debtor, Cherie Martin Simms, filed a motion (Dkt. No. 31) to sell property located on 4721 9th Street, NW, Washington, DC 20011 (the "Property"). The debtor seeks to sell the Property but to have $23,344 set aside from the payment toward U.S. Bank's lien, because this amount was supposed to be paid by the estate of Ronald W. Simms, Sr. (the "Estate").

The debtor failed to file a notice of opportunity to object. The court entered an *Order Shortening Notice and Limiting Notice to the United States Trustee and the Chapter 13 Trustee on Debtor's Motion to Sell Property* ("*Notice Order*") (Dkt. 33), wherein the court requested that the United States Trustee and the chapter 13 trustee "file with the court notice whether they oppose the sale, of the debtor's property located on 4721 9th

Street, NW, Washington, DC 20011 and that in the absence of responses by then, the deadline for the filing of any opposition by those parties to the sale shall be July 20, 2019."

The chapter 13 trustee filed *Trustee's Response to Debtor's Motion to Sell* (Dkt. No. 37), wherein the chapter 13 trustee said she had no objection to the sale under the condition that all the liens on the Property be paid in full and all net proceeds be forwarded to the chapter 13 trustee; the debtor be required to comply with 11 U.S.C. § 363(f), to the extent the debtor was seeking to sell the Property free and clear of liens; and that the settlement agent forward a copy of the HUD 1 Settlement Statement to the chapter 13 trustee.

The United States Trustee filed *Notice of United States Trustee's Objection to Court's Approval of "Sale of Subject Property[,] Set Aside $22,344" and of Other Relief* (Dkt. No. 40), wherein the U.S. Trustee said that he objected to the sale and would file an objection on or before July 20, 2019.  No objection was filed.

In addition to the responses by the chapter 13 trustee and the United States Trustee, U.S. Bank National Association ("U.S. Bank") filed a *Limited Response by Secured Creditor to Motion for Authority to Sell Real Property and Objection to Motion to Compel* (Dkt. No. 45) wherein U.S. Bank states that it does not object to the sale of the Property, so long as it's lien is paid in full.

There having been no opposition filed by July 20, 2019, the

court will grant the debtor's motion to sell.  However, the court will not permit that $23,344 be set aside from payment toward U.S. Bank's lien.  Even if the debtor has a right to require the Estate to pay $23,344 of the debt owed to U.S. Bank, that right ought not be treated as reducing U.S. Bank's right to have the entirety of its lien paid from the proceeds of the sale.  No one knows if the $23,344 will ever be paid by the Estate to U.S. Bank.

The debtor has not requested, nor has the debtor shown grounds for the sale of the Property free and clear of liens pursuant to 11 U.S.C. § 363(f).  Accordingly, the Property will not be sold free and clear of liens, except to the extent that all liens on the property are paid from the proceeds of the sale.

The chapter 13 trustee has requested that all net proceeds be forwarded to the chapter 13 trustee.  The debtor's chapter 13 plan (Dkt. No. 19) provides that the plan would be funded "by the sale of Real Estate."  Accordingly, the chapter 13 trustee is entitled to the net proceeds of the sale for distribution toward payment of the debtor's unsecured claims, and funding of the debtor's chapter 13 plan.

For the foregoing reasons, it is

ORDERED that the debtor's motion to sell (Dkt. No. 31) is GRANTED, under the conditions that:

- all liens on the property shall be paid in full, including the lien held by U.S. Bank;

- all net proceeds shall be forwarded to the chapter 13 trustee by mailing to Nancy Grigsby, P.O. Box 853, Memphis, TN 38101-0853;
- the sale is not made free and clear of liens under 11 U.S.C. § 363(f), except to the extent that liens are paid in full from the proceeds of the sale; and
- the settlement agent shall forward a copy of the HUD 1 Settlement Statement to the trustee immediately upon completion of the transaction.

[Signed and dated above.]

Copies to: Recipients of e-notification of orders; the debtor (by hand-mailing) to the two addresses below:

Cherie Martin Simms
4721 9th Street, NW
Washington, DC 20011

Cherie Martin Simms
120 St. Albans Drive
Apt. 588
Raleigh, NC 27609